**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ACHIL PETIT-VAL,

    Petitioner,

-vs-                                                    Case No. 8:06-cv-947-T-30MSS

ALBERTO GONZALES, U.S. Attorney
Gen.; MICHAEL CHERTOFF, Sec., U.S.
Dep't of Homeland Security; MICHAEL
ROZOS, Field Office Dir.; DAVID WING,
Officer in Charge for Detention and
Removal, Bradenton District,

    Respondents.
_____/

## ORDER

Petitioner, a Bureau of Immigration and Customs Enforcement detainee, initiated these proceedings *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Upon discovering that Petitioner failed to pay the filing fee, *see* Local Rule 1.03(e) (M.D. Fla. 2004), the Court entered an order on June 7, 2006, directing that he either pay the $5.00 filing fee or file a request to proceed *in forma pauperis* on or before June 30, 2006. An Affidavit of Indigency form was enclosed with Petitioner's copy of the order.

A review of the docket reveals that the June 7, 2006 order was mailed to Petitioner at his address of record. On June 14, 2006, the Clerk received notice that Petitioner was transferred from the Manatee County Jail, Bradenton, Florida, to the Wakulla County

Detention Center, Crawfordville, Florida, on June 9, 2006 (Dkt. 5).  On June 16, 2006, the envelope containing Petitioner's copy of the June 7, 2006 order was returned to the Clerk marked "undeliverable."  The envelope was remailed the same day to Petitioner at his new address of record.  On July 5, 2006, the envelope was again returned to the Clerk marked "undeliverable."

A party has a duty to keep the Court informed of his/her address.  *See Lewis v. Conners Steel Co.*, 673 F.2d 1240 (11th Cir. 1982) (stating that it is "fair and reasonable for [petitioner] to assume the burden of advising . . . of address changes or to take other reasonable steps to ensure delivery . . . to his current address.").  *See also Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (holding that a *pro se* plaintiff has a duty to notify the court of his/her address at all times); *Dansby v. Albany County Correctional Facility Staff*, 1996 WL 172699 *1 (N.D.N.Y. 1996) (quoting *Perkins v. King*, Case No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) ("It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.")); *Shannon v. State of Louisiana*, 1988 WL 54768 *1 (E.D. La. 1988) (citation omitted) (noting that the case could not proceed without notification to the plaintiff and the court had no address where he could be contacted, the court held that an incarcerated plaintiff who is released or transferred has a duty to advise the court of any address changes).  *But see Casteel v. Pieschek*, 3 F.3d 1050 (7th Cir. 1993) (holding that a *pro se* inmate's failure to notify the court of an address change was insufficient to support dismissal for lack of prosecution of a constitutional claim that he has been deprived of meaningful access to the courts).  There is nothing in the record that indicates that Petitioner has been prevented from keeping the Clerk advised of his current address.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court can, in its own discretion, dismiss an action based on the failure of a plaintiff to prosecute or comply with any order of the court. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962); *Lopez v. Arkansas County Independent School District*, 570 F.2d 541, 544 (5th Cir. 1978).[1] This power to dismiss an action may be exercised when necessary to achieve the orderly and expeditious disposition of cases. *Hejl v. State of Texas*, 664 F.2d 1273, 1274 (5th Cir.), *cert. denied,* 456 U.S. 933 (1982). Since mail sent to Petitioner's last known address has been returned as undeliverable, it would be futile to send an order to show cause to Petitioner at that address.

**ACCORDINGLY**, the Court **ORDERS** that pursuant to Fed. R. Civ. P. 41(b) and Local Rule 3.10(a) (M.D. Fla. 2006), this case is hereby **DISMISSED** without prejudice for failure to prosecute. The **Clerk of the Court** shall terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 10, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
Pro Se Petitioner

SA:jsh

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).